UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMIRO GARZA, | ) | 1:07-cv-01067-LJO-TAG  HC |
|         Petitioner, | ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE (Doc. 1) |
| WARDEN, | ) ) | ORDER TO FILE OBJECTIONS WITHIN TEN COURT DAYS |
|         Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 25, 2006, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, which was subsequently transferred to the United States District Court for the Eastern District of California and filed in this Court on September 13, 2006 and assigned the case number "1:06-cv-01256-LJO-TAG." On February 9, 2007, Petitioner filed another petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-00252-AWI-TAG." On May 24, 2007, Petitioner filed a third petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-00763-LJO-TAG." On July 19, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-01067-LJO-TAG." (Doc.1). The Court has reviewed all four of the pending federal petitions listed above and finds that the second, third, and fourth petitions are duplicative.

1  "After weighing the equities of the case, the district court may exercise its discretion to
2  dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed
3  action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.
4  California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have
5  'no right to maintain two separate actions involving the same subject matter at the same time in the
6  same court and against the same defendant.'" Adams,  487 F.3d at 688 (quoting Walton v. Eaton
7  Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

8  In assessing whether a second action is duplicative of the first, the court examines whether
9  the causes of action and relief sought, as well as the parties or privies to the action, are the same.
10 Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits
11 are identical pursuant to the transaction test, developed in the context of claim preclusion.   Id.
12 Second, the court determines whether the defendants are the same or in privity.   Privity includes an
13 array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419
14 F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of
15 interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).
16 "Additional features of a virtual representation relationship include a close relationship, substantial
17 participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at
18 996).

19 A plaintiff is required to bring at one time all of the claims against a party or privies relating
20 to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to dismiss a
21 duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action
22 and litigating piecemeal the issues which could have been resolved in one action."   Adams, 487 F.3d
23 at 694 (quoting Flynn v. State Bd. of Chiropractic Examiners, 418 F.2d 668, 668 (9th Cir.1969) (per
24 curiam)).

25 In this case, all four petitions appear to stem from the same incident, allege the same claim,
26 and seek the same relief.  Although inartfully worded in each petition, Petitioner appears to have
27 been placed on probation in a "program" in lieu of a prison sentence that had a maximum "lid" of
28 thirteen years.  At some point during the "program," Petitioner was involved in an altercation that

resulted in him being placed in prison.  Each of the four pending petitions apparently seeks to allege some sort of injustice from the fact that he is now serving a thirteen year sentence as a result of a fistfight.  Although Petitioner uses slightly different words to express his position in each petition, all four petitions appear to make the same claim and are based upon the same set of operative facts.  Therefore, the Court finds that the instant action should be dismissed.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the instant Petition for Writ of Habeas Corpus be DISMISSED as duplicative.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 18, 2008**  **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE